# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30085
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2024

Lyle W. Cayce
Clerk

Lionel Edwards,

*Plaintiff—Appellant*,

*versus*

State of Louisiana,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-458

———————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, including on appeal, Lionel Edwards, Louisiana prisoner # 93280, filed this action under 42 U.S.C. § 1983, challenging his confinement and claiming due-process and equal-protection violations based on a non-unanimous jury verdict. He challenges the district court's dismissal, under 28 U.S.C. §§ 1915(e) and 1915A, of his complaint for failure

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to state a claim. In doing so, he contends the court erroneously concluded he was seeking release from prison.

Although *pro se* briefs are liberally construed, *pro se* litigants must brief challenges to a district court judgment for this court to consider them. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Along that line, Edwards does not identify any error in the district court's dismissal of his complaint for failure to state a claim or in its decision not to exercise supplemental jurisdiction over potential state-law claims. Failing to identify any error in the district court's decision "is the same as if [Edwards] had not appealed that judgment". *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Edwards has forfeited any challenge to the district court's dismissal of those claims.

The district court's dismissal of Edwards' complaint constitutes a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (explaining "three strikes" procedure under § 1915(g)). Edwards is warned that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.